UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANGELA MARIE GRAY, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1392 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Angela Gray to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Following initial review of the motion, the Court ordered Gray to show cause why it should not be dismissed. She has now responded to the order to show cause.

## Discussion

On April 13, 2009, Gray pleaded guilty to bank fraud, in violation of 18 U.S.C. §1344 . On July 7, 2009, she was sentenced to an 87-month term of imprisonment, to be followed by five years' supervised release. Gray appealed the judgment to the Eighth Circuit Court of Appeals, and her appeal is still pending. In her appeal, Gray asserts that the district court abused its discretion by departing upward from the sentencing guideline range without sufficient legal justification.

In the instant motion to vacate, Gray asserts two grounds for relief: (1) that she was denied a detention hearing, in violation of the Fifth and Eighth Amendments to the United

States Constitution and (2) that the district court unreasonably imposed a sentence outside the guideline range. On October 22, 2009, the Court ordered Gray to show cause why the her motion to vacate should not be dismissed, given the pending direct appeal of her criminal conviction.[1] In her response to the order, Gray argues the merits of her motion to vacate. She does not address the potential for conflict with her direct appeal.

Although there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, a court should only do so in extraordinary circumstances given the potential for conflict with the direct appeal. See United States v. Outen, 286 F.3d 622, 632 (2nd Cir. 2002); DeRango v. United States, 864 F.2d 520, 522 (7th Cir. 1988); United States v. Taylor, 648 F.3d 565, 572 (9th Cir. 1981); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968). Clearly, a potential for conflict exists in this case because Gray has asserted the same claim in her direct appeal and in her § 2255 motion: that her sentence was wrongfully calculated by the Court. Further, there are no extraordinary circumstances that would warrant the Court's consideration of an issue that has been submitted for review by the appellate court. Thus, the Court will dismiss the motion without prejudice.

Accordingly,

---

[1] In addition, the Court wrote that Gray's first ground for relief did not appear to be cognizable under § 2255, as it does not challenge the judgment of conviction. Because the motion will be dismissed on other grounds, it is unnecessary to address this issue further.

**IT IS HEREBY ORDERED** that the motion of Angela Gray to vacate, set aside, or correct illegal sentence is **dismissed without prejudice**.

Dated this 4th day of November, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE